KAREN L. BASHOR, ESQ.
Nevada Bar No. 11913
CHRISTOPHER D. PHIPPS, ESQ.
Nevada Bar No. 3788
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
6689 Las Vegas Blvd., Suite 200
Las Vegas, Nevada 89119
(702) 727 1264; FAX (702) 727 1401
Karen.Bashor@wilsonelser.com
Christopher.Phipps@wilsonelser.com
*Attorneys for Defendants Zurich American*
*Insurance Company and Sedgwick Claims*
*Management Services*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SEGURA, an individual; | Case No.:   2:21-cv-01086-JAD-BNW |
| Plaintiff, | |
| vs. | **CONFIDENTIALITY AGREEMENT AND STIPUALTED PROTECTIVE ORDER** |
| ZURICH AMERICAN INSURANCE COMPANY, a foreign entity; SEDGWICK CLAIMS MANAGEMENT SERVICES, a foreign entity; DOES I-V, inclusive; ROE CORPORATIONS I-V, inclusive, | |
| Defendants. | |

The parties agree, through their respective counsel as their authorized representatives, to the terms and conditions of this Confidentiality Agreement and Stipulated Protective Order ("Protective Order") governing the disclosure, handling, and disposition of documents and information in this litigation as set forth herein.

## I.      Need and Application.

Plaintiff's Complaint alleges that Defendants Zurich American Insurance Company ("Zurich") and Sedgwick Claims Management Services ("Sedgwick") failed to properly process and pay Plaintiff's UM/UIM claim arising out of a June 2, 2017, traffic accident in Las Vegas.  Plaintiff was allegedly delivering packages on behalf of non-party Amazon Logistics, Inc., at the time of the accident.  Plaintiff has collected some funds from the responsible driver and his first-party UM/UIM coverage.  Plaintiff is now seeking additional recovery which may potentially be available to him from

256244734v.1

1   the excess UM/UIM policy issued by Zurich to non-party Amazon Logistics, Inc. Sedgwick is the
2   third-party claims administrator for the Amazon coverage issued by Zurich. A dispute has arisen
3   between Plaintiff and Defendants Sedgwick and Zurich regarding the Plaintiff's excess UM/UIM
4   claim which has resulted in the instant lawsuit. Accordingly, the discovery to take place between the
5   parties will likely require the production of confidential business, personnel, and proprietary
6   information of non-party Amazon Logistics, Inc., and/or its related nonparty parent and subsidiary
7   entities (collectively "Amazon").

8       Internet retail is a highly competitive business with many aggressive market competitors.
9   Amazon's marketing, logistics, and delivery strategies, considerations, policies, procedures, and
10  systems are highly sensitive and proprietary. Such information may constitute sensitive, confidential,
11  proprietary, and/or trade secret business information as defined in NRS 600A.030(5) and, as such,
12  would be protected from disclosure pursuant to the Nevada Uniform Trade Secret Act, NRS Chapter
13  600A. Amazon is obligated to take affirmative steps to protect its trade secret and proprietary
14  information. "The owner of a trade secret is presumed to make a reasonable effort to maintain its
15  secrecy if the word 'Confidential' or 'Private' or another indication of secrecy is placed in a reasonably
16  noticeable manner on any medium or container that describes or includes any portion of the trade
17  secret." *See* NRS 600A.032. This Protective Order is intended to facilitate compliance with that
18  mandate.

19      Prior to production, no party can effectively and fully evaluate the assertions of another party
20  as to the need for protection. Thus, this Protective Order enables the production of documents or other
21  items, at least for the limited purpose of evaluating the need for protection, and provides for the manner
22  in which such documents or other items are to be treated when produced. Moreover, pursuant to the
23  terms of this Protective Order, any dispute regarding the designation of a document or other item as
24  confidential, can be submitted to the Court for resolution.

25      Without this Protective Order, the Court may have to evaluate innumerable documents and
26  other items individually, and this task would likely burden the Court and delay the discovery process.
27  Regarding documents and other items that are entitled to protection, disclosure of such confidential
28  and proprietary information would likely prejudice the legitimate business, competitive, and/or

256244734v.1

privacy interests of the parties or of third parties. This Protective Order is thus necessary to facilitate the evaluation of documents and other items in an effort to protect against the unauthorized disclosure of confidential and proprietary information and to ensure that such information will be used only for purposes of this action. This Protective Order will also expedite the flow of discovery materials, protect the integrity of truly confidential and proprietary information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of the confidentiality of material worthy of protection.

## II.    Protective Order.

1.    **Scope.**        This Confidentiality Agreement and Stipulated Protective Order shall govern the production and use of all documents, information, data, material, studies, recordings, testimony, and/or other items (collectively "documents") produced by Defendants Zurich and/or Sedgwick (including through their counsel) in response to discovery requests served by any of the other parties to this action or utilized and/or referenced during depositions or other proceedings in this action, which Zurich or Sedgwick or its counsel, designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The protections conferred by this Protective Order cover not only documents (as defined above), but also (1) any Confidential Information and Attorneys' Eyes Only Information copied or extracted from documents; (2) all copies, excerpts, summaries, or compilations of Confidential Information and Attorneys' Eyes Only Information; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal Confidential Information and/or Attorneys' Eyes Only Information.

2.    **Dissemination/Disclosure.**    Any person or entity subject to this Protective Order, as set forth below, shall not disseminate or disclose documents designated as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," or the information contained therein, except in furtherance of limited purposes directly related to the prosecution of claims or defenses in this action as permitted by this Protective Order. As used in this Protective Order, the term "disseminate" shall include, but not be limited to, speaking about or paraphrasing the contents of; posting through electronic means, the

256244734v.1

internet, or social media, the contents of; and copying, photographing, scanning, streaming, videotaping, transcribing, retyping, reproducing, or reprinting by any means whatsoever, any documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."   The parties and counsel shall be subject to all restrictions on dissemination and disclosure set forth in this Protective Order.

        3.      **Form and Timing of Designation.**  Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "CONFIDENTIAL" designation. Attorneys' Eyes Only documents shall be so designated by placing or affixing the words "ATTORNEYS' EYES ONLY" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "ATTORNEYS' EYES ONLY" designation. Documents shall be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to, or contemporaneously with, the production or disclosure of the documents.  Inadvertent or unintentional production of documents without prior designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be deemed a waiver, in whole or in part, of the right to designate documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as otherwise allowed by this Protective Order.

        4.      **Documents Which May be Designated Confidential.**  A party may designate documents as "CONFIDENTIAL" but only after review of the documents and certification by an attorney[1] who has, in good faith, determined that the documents contain Confidential Information.

---

[1] The attorney who reviews the documents and certifies them to be "CONFIDENTIAL" must be admitted to the Bar of at least one state but need not be admitted to practice in Nevada and need not apply for *pro hac vice* admission.  By signing the certification, counsel submits to the jurisdiction of this Court in regard to the certification.

256244734v.1

Confidential Information as used in this Protective Order shall mean information which falls within one or more of the following categories:

    a.  Protected from disclosure by statute;

    b.  Sensitive personal information;

    c.  Personal Identifying Information;

    d.  Trade secrets;

    e.  Research, technical, commercial, or financial information that the producing party has maintained as confidential;

    f.  Non-public information maintained by a third party as confidential that the producing party receives, obtains, or is provided access to that the producing party has maintained as confidential;

    g.  Medical information concerning any individual;

    h.  Tax returns (including attached schedules and forms) and tax forms including, but not limited to, W-2 forms and 1099 forms; or

    i.  Personnel or employment records of a person who is not a Party to this Protective Order.

The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto as Attachment A.  Information or documents which are available in the public sector may not be designated as "CONFIDENTIAL."

    5.     **Documents Which May be Designated Attorneys' Eyes Only.**  A party may designate documents as "ATTORNEYS' EYES ONLY" but only after review of the documents and certification by an attorney[2] who has, in good faith, determined that the documents contain Attorneys'

---

[2] The attorney who reviews the documents and certifies them to be "ATTORNEYS' EYES ONLY" must be admitted to the Bar of at least one state but need not be admitted to practice in Nevada and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this Court in regard to the certification.

256244734v.1

Eyes Only Information. Attorneys' Eyes Only Information is extremely sensitive Confidential Information, disclosure of which to another party or nonparty would create a substantial risk of serious harm to the business or competitive position of the designating party that could not be avoided by less restrictive means. Attorneys' Eyes Only Information as used in this Protective Order shall mean information that falls within one or more of the following categories:

a. Information consisting of, reflecting, or representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs;

b. Information consisting of, reflecting, or representing raw data generation, collection, receipt, access, processes, analyses, and storage;

c. Information consisting of, reflecting, or representing analytics or metrics derivative of raw data;

d. Business, enterprise, or operational data architecture, data modeling, data infrastructure, data management, data analytics, or data metrics, and any associated proprietary systems, software, networks, platforms, or databases;

e. Sensitive business information, including highly sensitive financial or marketing information;

f. Competitive technical information, including technical analyses of products or services;

g. Competitive business information, including non-public financial and marketing analyses, comparisons of products or services, and strategic product or service expansion plans;

h. Vendor or business partner relationships or documents that fall within one or more of the aforementioned categories defined in this Paragraph 5, subparagraphs (a) - (g); or

256244734v.1

i.   Any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Protective Order the producing party reasonably and in good faith believes would likely cause harm.

The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A. Information or documents which are available in the public sector may not be designated as "ATTORNEYS' EYES ONLY."

6.   **Depositions.**   Portions of depositions shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if designated as such when the deposition is taken. Such designation shall be specific as to the portions to be protected. The portions of the transcripts of all such testimony shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be labeled with the appropriate notation by the court reporter/stenographer. To the extent documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are used in the taking of depositions, same shall remain subject to the provisions of this Protective Order, unless the Court expressly rules otherwise. If any document designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order is used during the course of a deposition in this lawsuit, that portion of the deposition record referencing such document shall be labeled with the appropriate "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation. The court reporter/stenographer also shall clearly and conspicuously mark the front page of any transcript which contains references to Confidential Information or Attorneys' Eyes Only Information with the respective "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation. If Confidential Information or Attorneys' Eyes Only Information is to be disclosed at a deposition, the producing party shall have the right to exclude from attendance, during the time in which the Confidential Information or Attorneys' Eyes Only Information is to be discussed, any persons not bound by this Protective Order.

256244734v.1

Confidential Information or Attorneys' Eyes Only Information disclosed at a deposition may also be designated as such by notifying all parties in writing not later than 30 days after receipt of the transcript of the specific pages and lines of the transcript that should be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control.  All deposition transcripts shall be treated as "ATTORNEYS' EYES ONLY" for a period of 30 days after initial receipt of the transcript.

7. **Protection of Confidential and Attorneys' Eyes Only Material.**

a. **General Protections.**  Documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order shall not be used, disclosed, or disseminated by the parties or counsel for the parties or any other persons identified below (¶¶ 7.b., 7.c.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third-Party Disclosures of Confidential Material.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" under the terms of this Protective Order to any other person or entity except for "qualified persons" as set forth in subparagraphs (1) through (5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Protective Order and agrees to be bound by it.  Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated "CONFIDENTIAL" pursuant to this Protective Order:

(1) Counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

256244734v.1

(2)     Parties and employees of a party, but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;[3]

(3)     Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4)     Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(5)     Other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.      **Limited Third-Party Disclosures of Attorneys' Eyes Only Material.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "ATTORNEYS' EYES ONLY" under the terms of this Protective Order to any other person or entity except for "qualified persons" as set forth in subparagraphs (1) through (4) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Protective Order and agrees to be bound by it.  Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated "ATTORNEYS' EYES ONLY" pursuant to this Protective Order:

(1)     Counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)     Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

---

[3] At or prior to the time such Party to this Protective Order or employee completes his or her acknowledgment of review of this Protective Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto.  Counsel shall retain the certification together with the form signed by the Party to this Protective Order or employee.

256244734v.1

(3)      Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(4)      Other witnesses only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

d.      **Control of Documents.**   Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or dissemination of the Confidential or Attorneys' Eyes Only information contained therein, pursuant to the terms of this Protective Order.  Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Protective Order.  If a receiving party learns of any unauthorized disclosure of Confidential Information or Attorneys' Eyes Only Information, the receiving party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

e.      **Unintentional Disclosures.**   Documents unintentionally produced without designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be later designated and shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" from the date written notice of the designation is provided to the receiving party.  Upon receipt of such designation in writing, the parties and other qualified persons shall take reasonable and appropriate action to retrieve any disclosure, dissemination, or use of such information that occurred prior to designation.

f.      **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order or any portion of such a document,

256244734v.1

shall be immediately affixed with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if the word or words do not already appear on the copy.  All such copies shall be afforded the full protection of this Protective Order.

8.      **Filing of Confidential and Attorneys' Eyes Only Materials.**  In the event a party seeks to file any material that is subject to protection under this Protective Order with the Court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party that designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the local rules of the jurisdiction.    Absent  extraordinary  circumstances  making  prior  consultation  impractical  or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Protective Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.  The parties understand that documents may be filed under seal only with the permission of the Court after proper motion.

9.      **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the party moves for an order providing such special protection.

10.      **Challenges  to  Designation  as  Confidential  or  Attorneys'  Eyes  Only.**    Any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation is subject to challenge.    The following procedures shall apply to any such challenge:

256244734v.1

a.    The burden of proving the necessity of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation remains with the party asserting confidentiality or the need for Attorneys' Eyes Only levels of protection to extremely sensitive Confidential Information.

b.    A party who contends that documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge.  The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an order confirming the Confidential or Attorneys' Eyes Only designation.

c.    Notwithstanding any challenge to the designation of documents as confidential, all documents previously designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall continue to be treated as subject to the full protections of this Protective Order until one of the following occurs:

(1)    The party who claims that the documents are "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" withdraws such designation in writing;

(2)    The party who claims that the documents are "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" fails to move timely for an order designating the documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as set forth in paragraph 10.b. above; or

(3)    The Court rules that the documents should no longer be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

d.    Challenges to "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designations of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

Page 12 of 18

11.   **Documents Produced for Inspection Prior to Designation.**   In the event documents are produced for inspection prior to designation, the documents shall be treated as "ATTORNEYS' EYES ONLY" during inspection.   At the time of copying for the inspecting party, the documents shall be marked prominently "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party.

12.   **Treatment on Conclusion of Litigation.**

a.   **Protective Order Remains in Effect.**  All provisions of this Protective Order restricting the use of documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.   **Return of "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order, including copies as defined above (¶7.f.), shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" so long as that work product does not duplicate verbatim substantial portions of the text of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents.   This work product continues to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order.  An attorney may use his or her work product in a subsequent

256244734v.1

litigation provided that its use does not disclose the Confidential Information or Attorneys' Eyes Only Information contained therein.

13.     **Protective Order Subject to Modification.**  This Protective Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order.  This Protective Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

14.     **No Judicial Determination.**     This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by counsel is subject to protection until such time as a document-specific ruling shall have been made.

15.     **Persons Bound.**  This Protective Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

256244734v.1

The undersigned hereby consent to the within Confidentiality Agreement and Stipulated Protective Order.

DATED: this 31st of _____ August _____, 2021

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: */s/ Christopher D. Phipps*
Karen L. Bashor, Esq.
Nevada Bar No. 11913
Christopher D. Phipps, Esq.
Nevada Bar No. 3788
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
*Attorneys for Defendants Zurich American Insurance Company, Sedgwick Claims Management Services*

DATED: this 3/ of Aug, 2021

**DEAVER - CRAFTON**

BY: _____
Nathan S. Deaver, Esq.
Nevada Bar No. 11947
Brice J. Crafton, Esq.
Nevada Bar No. 10558
810 E. Charleston Blvd.
Las Vegas, NV 89104
*Attorneys for Plaintiff Michael Segura*

## <u>ORDER</u>

For good cause shown, IT IS HEREBY ORDERED that the Parties shall comply with the terms of the Confidentiality Agreement and Stipulated Protective Order, set forth above.

**IT IS SO ORDERED**

**DATED:** 9:12 am, September 01, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

256244734v.1

## ATTACHMENT A

_____

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SEGURA, an individual; | Case No.:  2:21-cv-01086-JAD-BNW |
| Plaintiff, | |
| vs. | **CONFIDENTIALITY AGREEMENT AND STIPUALTED PROTECTIVE ORDER** |
| ZURICH AMERICAN INSURANCE COMPANY, a foreign entity; SEDGWICK CLAIMS MANAGEMENT SERVICES, a foreign entity; DOES I-V, inclusive; ROE CORPORATIONS I-V, inclusive, | |
| Defendants. | |

_____

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" subject to the Confidentiality Agreement and Stipulated Protective Order entered in this action, which Protective Order is dated __8/31/21__.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraphs 4 or 5 of the Confidentiality Agreement and Stipulated Protective Order.

Check and complete one of the two options below.

☒  I am a member of the Nevada State Bar.

☐  I am not a member of the Nevada State Bar but am admitted to the Bar of one or more states.  The state in which I conduct the majority of my practice is _____ where my Bar number is _____.  I understand that by completing this certification I am submitting to the jurisdiction of the District Court of the State of Nevada as to any matter relating to this certification.

Date: __Aug 31, 2021__

_____
Signature of Counsel

_____
Printed Name of Counsel

256244734v.1

**ATTACHMENT B**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL SEGURA, an individual; | Case No.:   2:21-cv-01086-JAD-BNW |
| Plaintiff, | |
| vs. | **CONFIDENTIALITY AGREEMENT AND STIPUALTED PROTECTIVE ORDER** |
| ZURICH AMERICAN INSURANCE COMPANY, a foreign entity; SEDGWICK CLAIMS MANAGEMENT SERVICES, a foreign entity; DOES I-V, inclusive; ROE CORPORATIONS I-V, inclusive, | |
| Defendants. | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Agreement and Stipulated Protective Order dated 8/31/21 , in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms.  The undersigned submits to the jurisdiction of the Supreme Court of the State of New York in matters relating to the Confidentiality Agreement and Stipulated Protective Order and understands that the terms of said Protective Order obligate him/her to use discovery materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" solely for the purposes of the above-captioned action, and not to disclose any such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality Agreement and Stipulated Protective Order may result in penalties for contempt of court.

Name: Brice J. Croft

Job Title: Adjuster

Employer: Power | Croft

Business Address: 910 E. Churchill Blvd 89104

Date: Aug 31, 2021

Signature

256244734v.1

**ATTACHMENT C**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL SEGURA, an individual; | Case No.:   2:21-cv-01086-JAD-BNW |
| Plaintiff, | |
| vs. | **CONFIDENTIALITY AGREEMENT AND STIPUALTED PROTECTIVE ORDER** |
| ZURICH AMERICAN INSURANCE COMPANY, a foreign entity; SEDGWICK CLAIMS MANAGEMENT SERVICES, a foreign entity; DOES I-V, inclusive; ROE CORPORATIONS I-V, inclusive, | |
| Defendants. | |

Pursuant to the Confidentiality Agreement and Stipulated Protective Order entered in this action, most particularly the provisions of Paragraph 7.b.2., I certify that the assistance of _Shanan Shaffer, Cole Wilshed, Cynth Ullaguntra_ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as "CONFIDENTIAL."

I have explained the terms of the Confidentiality Agreement and Stipulated Protective Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any "CONFIDENTIAL" documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑      A named party;

☒      An employee of named party _Segura_ . This employee's job title is _legal assistant_ and work address is _810 E. Charleston_ .

Date: _8/31/21_                                  _____
                                                                        Signature of Counsel

256244734v.1